[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12003

Non-Argument Calendar

_____

JULIO RODRIGUEZ-MARTINEZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A097-664-917

_____

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Julio Marcelino Rodriguez-Martinez[1] ("Petitioner"), a native and citizen of Mexico, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied Petitioner's motion to reopen and to rescind an order of removal issued *in absentia*.[2] We dismiss the petition for lack of jurisdiction.

Petitioner entered the United States without inspection in August 2002. In February 2004, the Immigration and Naturalization Service issued a Notice to Appear ("NTA"), charging Petitioner as removable for being present in the United States without having been admitted or paroled. The NTA ordered Petitioner to appear before an IJ in Orlando, Florida at a date and time to be set.

About two weeks later, the immigration court mailed Petitioner a Notice of Hearing, giving notice that a master hearing before the immigration court was scheduled for 11 August 2004. A second Notice of Hearing was later mailed rescheduling the master hearing for 1 September 2004.

---

[1] Petitioner says his real name is Victor Vinicio Valdez Avila. For purposes of this appeal, we refer to him as "Petitioner."

[2] The IJ also denied as moot Petitioner's motion for change of venue. That ruling is not before us on appeal.

Petitioner failed to appear at the 1 September hearing. The IJ conducted the hearing *in absentia* and ordered Petitioner removed to Mexico.

In March 2020 -- more than 15 years after he was ordered removed -- Petitioner (through his lawyer) moved to reopen the proceedings and to rescind the IJ's *in absentia* order. Petitioner argued that his removal proceedings should be reopened based on two grounds: (1) under 8 U.S.C. § 1229a(b)(5)(C)(ii) because he did not receive proper notice of the hearing; and (2) based on the IJ's *sua sponte* authority. In support of his lack-of-notice argument, Petitioner asserted that the NTA was defective because it specified no date and time for his hearing and, on top of that, he never received a Notice of Hearing.

The IJ denied Petitioner's motion to reopen. The IJ first determined that Petitioner failed to present evidence sufficient to demonstrate a lack of proper notice. Second, the IJ determined that Petitioner had shown no "extraordinary circumstances" that would justify equitably tolling the statutory deadline for filing a motion to reopen.[3] Third, the IJ declined to exercise its *sua sponte* authority: the IJ concluded that Petitioner failed to establish a "truly exceptional situation" or a substantial likelihood of a different result.

---

[3] A noncitizen seeking to rescind an order of removal entered *in absentia* must file a motion to reopen "within 180 days after the date of the order of removal." 8 U.S.C. § 1229a(b)(5)(C)(i).

Petitioner appealed the IJ's decision to the BIA. In his counseled brief before the BIA, Petitioner argued that the IJ failed to consider adequately "several exceptional factors" in declining to exercise its *sua sponte* authority. Petitioner presented no discrete argument challenging the IJ's rulings about lack of proper notice or about equitable tolling.

The BIA adopted and affirmed the IJ's decision and dismissed Petitioner's appeal.

We review *de novo* our subject-matter jurisdiction. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). We have no jurisdiction to review a final order of removal unless the petitioner has exhausted all administrative remedies. *Id.* (citing 8 U.S.C. § 1252(d)(1)).

To exhaust a claim, a petitioner must have raised before the BIA the "core issue" on appeal and "set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016). "Unadorned, conclusory statements do not satisfy this requirement, and the petitioner must do more than make a passing reference to the issue." *Id.* (quotations omitted). While a petitioner is not required to "use precise legal terminology or provide well-developed arguments to support his claim," he must "provide information sufficient to enable the BIA to review and correct any errors below." *Id.* (quotation omitted).

On appeal, Petitioner raises two arguments, each of which focuses on a supposed lack of proper notice.[4]  Petitioner first contends that his NTA was defective under *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), because it failed to specify the time and place of his hearing.  Second, Petitioner argues that the BIA failed to consider adequately the evidence showing that he never received a Notice of Hearing.

In his brief to the BIA, Petitioner argued chiefly that the IJ erred in declining to reopen his proceedings under her *sua sponte* authority.  Petitioner made no discrete argument asserting a lack of proper notice.  As a result, we have no jurisdiction to consider Petitioner's lack-of-notice arguments on appeal.  *See Jeune*, 810 F.3d at 800.  To the extent the BIA did review *sua sponte* the IJ's conclusion that Petitioner failed to demonstrate a lack of proper notice, the BIA's voluntary act does not change our conclusion about what was put to the BIA by Petitioner and about the scope of our jurisdiction.  *See Amaya-Argunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).

Because Petitioner raises only non-exhausted arguments in his petition, we dismiss the petition for lack of jurisdiction.

---

[4] In his appellate brief, Petitioner presents no argument challenging the denial of relief based on equitable tolling or based on the IJ's *sua sponte* authority; those arguments are not before us.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

6                     Opinion of the Court                22-12003

PETITION DISMISSED.